115 P.3d 121

**ARIZONA STATE DEMOCRATIC PARTY, Plaintiff–Appellant,**

v.

**STATE of Arizona, Defendant–Appellee.**

No. CV–04–0346–PR.

Supreme Court of Arizona, En Banc.

July 12, 2005.

Shughart Thomson & Kilroy, P.C., by Rudolph J. Gerber, Marty Harper, Kelly J. Flood, Phoenix, Attorneys for Arizona State Democratic Party.

Matthew J. Smith, Mohave County Attorney, by William J. Ekstrom, Jr., Deputy County Attorney, Jeffrey D. Dollins, Deputy County Attorney, Kingman, Attorneys for State of Arizona.

## OPINION

BERCH, Vice Chief Justice.

¶ 1 The question in this case is whether the Arizona State Democratic Party violated Arizona Revised Statutes ("A.R.S.") § 16–919 by accepting contributions from corporations and labor organizations to pay the Party's general operating expenses. We hold that it did not.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 1998, the Arizona State Democratic Party solicited and accepted approximately $100,000 in donations from corporations and labor unions. The funds were used to pay Party operating expenses, such as rent, payroll, taxes, insurance, supplies, and overhead. The Party accepted these donations on the theory that, if they were used to pay operating expenses, they were not prohibited "contributions" because they were not made "for the purpose of influencing an election" as described in A.R.S. § 16–919 (Supp.2004). *See also id.* §§ 16–901(5) (Supp.2004) (defining "contribution"), 16–901(5)(b)(v) (exempting payments by a political party for operating expenses from the definition of "contribution"). The Party deposited these donations into an administrative checking account, separate from accounts maintained to support candidates for election, and, with two minor exceptions not important to this case, used the money to pay administrative expenses.

¶ 3 When then-Attorney General Grant Woods learned that the Party was defraying administrative expenses with corporate donations, his office began an investigation. The successor Attorney General, Janet Napolitano, referred the matter to the Mohave County Attorney's Office because of a conflict of interest.

¶ 4 When the parties could not negotiate a settlement, the State issued an administrative order directing the Party to return all the contributions. On appeal of the order to superior court, both parties moved for summary judgment. Reasoning that the Party violated A.R.S. § 16–901 *et seq.*, the trial court entered judgment against the Party and ordered it to deposit all contributions received from "corporate sources" into the Citizens Clean Election Fund. The Party appealed.

¶ 5 A divided panel of the court of appeals held that "the Arizona statutory scheme prohibits contributions by corporations and labor unions ... to political parties for operating expenses." *Ariz. State Democratic Party v. State,* 209 Ariz. 103, 115, ¶ 40, 98 P.3d 214, 226 (App.2004). The majority found that A.R.S. § 16–919(A) was meant to prohibit corporate contributions to a political party "for the purpose of influencing an election," and concluded that the contributions at issue were ultimately made to further the election of Democratic candidates. *Id.* at 111–12 n. 11, ¶ 25, 98 P.3d at 222–23 n. 11. Thus, it concluded, the Party violated A.R.S. § 16–919. The majority also held that the statutory provision was constitutional under both the Arizona and United States Constitutions and that the Party did not violate Article 14, Section 18 of the Arizona Constitution, which makes it "unlawful for any corporation, organized or doing business in this state, to make any contribution of money or anything of value for the purpose of influencing any election or official action." *Id.* at 110–11, 118,

¶¶ 20, 50, 98 P.3d at 221–22, 229. The State has not challenged those latter rulings before this court.

¶ 6 In dissent, Judge Timmer noted that A.R.S. § 16–919(F)(1) resolves any perceived ambiguity in § 16–919(A) and (B) by defining the term "election" as relating to the election of an individual person to a particular office. *Id.* at 119, ¶¶ 55, 56, 98 P.3d at 230. She therefore reasoned that the contributions at issue were not given to influence an election and thus did not violate § 16–919. *Id.* at 121, ¶ 61, 98 P.3d at 232. Judge Timmer also observed that § 16–919(A) "does not prohibit individuals and entities that are not associated with an individual's campaign from accepting corporate contributions," which led her to conclude that the legislature intended only to prevent corporations from influencing political campaigns, not to prevent corporations from contributing to the political parties themselves. *Id.* at 119–20, ¶ 57, 98 P.3d at 230–31.

¶ 7 The Party petitioned for review, which this court granted. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12–120.24 (2003).

## DISCUSSION

¶ 8 Section 16–919 controls the disposition of this case. It prohibits "a corporation," "a limited liability company" ("LLC"), or "a labor organization" from making "any contribution [1] of money or anything of value for the purpose of influencing an election." A.R.S. § 16–919(A), (B).[2] It also prohibits a candidate, the candidate's campaign committee or exploratory committee, or the person who formed the exploratory committee, from accepting from a corporation or LLC "any

contribution of money or anything of value ... for the purpose of influencing an election." *Id.* § 16–919(A).

¶ 9 The penalties for violation of § 16–919 are serious. Section 16–919(C) makes a corporation, LLC, or labor organization that violates the above proscriptions "guilty of a class 2 misdemeanor." The person who "effect[s]" such a violation "is guilty of a class 6 felony." *Id.* § 16–919(D).

¶ 10 Because violations of A.R.S. § 16–919 are punishable by criminal penalties, we must construe the statute "according to the fair meaning of [its] terms to promote justice and effect the objects of the law." A.R.S. § 13–104 (2001). Due process requires that a criminal offense be "defined in terms that [people] of average intelligence understand" and be clear enough to give "sufficient warning that [people] may conform their conduct to its dictates." *State v. Bateman,* 113 Ariz. 107, 109–10, 547 P.2d 6, 8–9 (1976). These due process requirements pertain even in the administrative context in which this case arises.

¶ 11 The critical question in this case is whether the *Party* has violated any provision of A.R.S. § 16–919. The Party maintains that it is not one of the donors—a corporation, LLC, or labor organization—that is prohibited by § 16–919(A) or (B) from making contributions to influence an election. Instead, the Party is a political party, defined in A.R.S. § 16–901 as "the state committee as prescribed by § 16–825 ... of an organization that meets the requirements for recognition as a political party."[3] A.R.S. § 16–901(21) (Supp.2004). The State agrees that the Party is not a prohibited donor under § 16–919.

---

1. A "contribution" is "any gift, subscription, loan, advance or deposit of money or anything of value made for the purpose of influencing an election." A.R.S. § 16–901(5). Payments of party operating expenses or for party activities not related to a specific candidate are excluded from the definition of "contribution." *Id.* § 16–901(5)(b)(v).

2. Although A.R.S. § 16–919 was amended in 1999, the operative language has remained unchanged. *See* 1999 Ariz. Sess. Laws, ch. 297, § 27.

3. A.R.S. § 16–825 (1996) provides as follows:

   The state committee of each party shall consist, in addition to the chairman of the several county committees, of one member of the county committee for every three members of the county committee elected pursuant to § 16–821. The state committeemen shall be chosen at the first meeting of the county committee from the committee's elected membership.

¶ 12 Nor does any language in A.R.S. § 16–919 make it a violation for a Party to *accept* contributions from corporations, LLCs, or labor organizations; the statute makes it a violation only for candidate exploratory or campaign committees, candidates, or those who form exploratory committees to accept contributions. The Party is not one of the listed entities. We must defer to the plain language of the statute, *see N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303, ¶ 9, 93 P.3d 501, 503 (2004), and may not include within it entities not named by the legislature.

¶ 13 Section 16–907 does prevent political parties from accepting "earmarked" contributions. A.R.S. § 16–907(B) (Supp.2004); *see also* A.R.S. § 16–901(6) (defining "earmarked" as designated for a particular candidate or campaign committee). In this case, however, the stipulated facts submitted by the parties do not suggest, and the State has not argued, that the contributions at issue were "earmarked" in any way. Therefore, nothing in A.R.S. § 16–907 prohibits the Party from accepting the contributions in this case.

¶ 14 In short, the State seems to have brought this action against the wrong party. While A.R.S. § 16–919 prohibits corporations, LLCs, and labor organizations from *contributing* money or other things of value for the purpose of influencing an election and further prohibits campaign and exploratory committees, candidates, and "designating individual[s]" from *accepting* corporate contributions, nothing in the statute prohibits a political party from accepting such contributions and using them to pay overhead expenses. We therefore need not decide whether the donations at issue were "contributions" as defined in A.R.S. § 16–901(5) or whether they were given "for the purpose of influencing an election." Finally, we do not decide the question of the constitutionality of A.R.S. § 16–919.

## CONCLUSION

¶ 15 For the foregoing reasons, we vacate the opinion of the court of appeals and reverse the trial court's grant of summary judgment. We further grant the Party's request for an award of attorneys' fees and other expenses pursuant to A.R.S. § 12–348 (2003).

CONCURRING: RUTH V. McGREGOR, Chief Justice, MICHAEL D. RYAN and ANDREW D. HURWITZ, Justices, and CHARLES E. JONES, Justice (Retired).

